Dana M. Dorsett (SBN 185154)
dm@danamoon.com
MOON & DORSETT, PC
601 W. Fifth St., 8th Floor
Los Angeles, CA 90071
Phone: 213-380-1526

Attorneys for Plaintiffs
CATALINA DE QUEZADA,
ARMANDO QUEZADA,
Individually and General Guardian for
R. V., M. Q., and A. Q. C.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO QUEZADA, et al., <br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br> Defendants. | **Case No.: 2:15-cv-07382** <br><br> NOTICE OF MOTION AND MOTION TO BE RELIEVED AS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEREMY COOK; DECLARATION OF DANA M. DORSETT <br><br> **(Local Rule 83-2.3.2)** <br><br> Honorable Otis D. Wright, II <br><br> Date: June 5, 2017 <br> Time: 1:30 PM <br><br> Action Filed: Sep 22, 2015 <br> Pretrial Conference: Sep 25, 2017 <br> Trial Date: Oct 17, 2017 |

PLEASE TAKE NOTICE that on June 5, 2017, at 1:30 PM, counsel Moon &

Dorsett, PC ("Counsel") for Plaintiffs ARMANDO QUEZADA, CATALINA DE

QUEZADA, R. V., M. Q., and A. Q. C. ("Plaintiffs") move to be relieved as counsel for good cause under Local Rule 83-2.3.2, on the grounds that (1) Plaintiff Armando Quezada ("Quezada"), on behalf of Plaintiffs, stated that he would like another attorney to represent him and was in the process of speaking to other attorneys and selecting one, (2) Quezada repeatedly expressed to Counsel his anger at and distrust with Counsel and made statements that tended to degrade or humiliate Counsel, making the representation unreasonably difficult, and (3) there has therefore been a complete breakdown in communication and trust and of the attorney-client relationship.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

On April 19, 2017, Plaintiff's Counsel Jeremy Cook ("Cook") received a message that Quezada had called. Cook returned Quezada's telephone call and spoke to Quezada on the telephone. Quezada told Cook that he was very unhappy with Counsel's representation and was speaking to other attorneys. Quezada expressed his frustration regarding a conversation that had occurred months before, in which lead Plaintiffs' Counsel Dana M. Dorsett ("Dorsett") spoke to Quezada regarding settlement amounts of other cases. The cases discussed in this earlier conversation had settled for various amounts, ranging from low to high. In the April 19 conversation, Quezada stated that Dorsett was rude to him in the earlier conversation, and that he felt insulted, apparently believing that Dorsett valued his case at the far low end of the range of the cases discussed. Although the earlier

Notice Of Motion And Motion To Be Relieved As Counsel; Memorandum Of Points And Authorities; Declaration Of Jeremy Cook; Declaration of Dana M. Dorsett

conversation had taken place months before, Quezada had not mentioned this issue previously.

Dorsett then spoke to Quezada, explaining that she believed his case was likely to be worth more than the far low end of the cases they had discussed months before. Quezada, however, remained frustrated and expressed his mistrust, and stated that he would continue to look for other attorneys, based on the conversation that had occurred months before. Dorsett requested that Quezada let her know by the following week, April 26.

Cook called Quezada on April 26. In this conversation, Quezada stated again that he had been looking for other attorneys and he was mistrustful of Counsel. Quezada again expressed his anger and frustration to Cook at what he perceived as Dorsett being rude to him, stating that he did not like the way Dorsett spoke to him in their conversation the previous week as well as in the earlier conversation months before. Quezada additionally told Cook that he did not feel Counsel could adequately represent him.

A few minutes later, Quezada called again. In this following conversation, Quezada additionally stated that communication had broken down, and at several points in the conversation, stated that he did not believe Counsel could represent him. In this conversation, Quezada made statements that tended to degrade or humiliate Counsel and destroyed attorney-client confidence and trust.

On the following day, April 27, Cook emailed Quezada, describing the conversation and advising Plaintiffs to obtain new counsel as soon as possible. Counsel has not heard from Plaintiffs since.

As a result of these conversations, Counsel must withdraw as attorney of record for Plaintiffs because representation of them has become, and will continue

Notice Of Motion And Motion To Be Relieved As Counsel; Memorandum Of Points And Authorities; Declaration Of Jeremy Cook; Declaration of Dana M. Dorsett

to be, unreasonably difficult to the point that Counsel cannot continue to represent the Defendants under these circumstances.

II.

<u>GOOD CAUSE EXISTS FOR PLAINTIFFS' COUNSEL TO BE RELIEVED.</u>

Counsel cannot be more specific as to the additional facts underlying the difficulties in continued representation without adversely affecting Plaintiffs' interests at this juncture in the litigation, but will discuss those underlying facts with the court in chambers should the court deem it necessary in advance of ruling on the instant motion. There has been, however, a complete breakdown of communication and trust and of the attorney-client relationship between Counsel and Plaintiffs, due to Quezada's degrading and humiliating statements.

When, as here, "the attorney-client relationship has broken down" and "the attorney and client lack a certain amount of trust in each other," courts have found that "a termination of the relationship would be in the best interest of both," and the court need not decide "what caused the irreconcilable differences between plaintiff and his counsel." (*Farmer v. Hyde Your Eyes Optical, Inc.* (S.D.N.Y. 2014) 60 F.Supp.3d 441, 446.) It is sufficient that, as here, an "acrimonious relationship ... developed between the law firm and the plaintiff." (*Id.*, at 445 (collecting cases).)

State law governs the practice of law within a state's borders except to the limited extent necessary for the accomplishment of federal objectives. (See *Sperry v. State of Florida* (1963) 373 U.S. 379, 402; 10 L. Ed. 2d 428; 83 S. Ct. 1322, 1335.) A motion to withdraw by an attorney in a federal case is therefore governed by the Code of Professional Conduct of California. California Code of Professional Conduct Rule 3-700 provides for attorney withdrawal, *inter alia*, at the clients'

request (3-700(C)(5)), and when the client's conduct renders the representation unreasonably difficult (3-700(C)(1)(d)).

Here, not only did Quezada state several times that he no longer wished Counsel to represent Plaintiffs, but he also engaged in conduct degrading and humiliating to Counsel and destructive of the confidence and trust between attorney and client. As numerous cases have found, conduct that tends to degrade or humiliate the attorney or that destroys attorney-client confidence and trust is conduct that renders the representation unreasonably difficult and constitutes justifiable cause for withdrawal.[1]

---

[1] See, e.g., *Reed Yates Farms, Inc. v Yates* (1988, 4th Dist) 172 Ill. App. 3d 519, 122 Ill. Dec. 576, 526 N.E.2d. 1115 (filing of a complaint by the client against the attorney with an attorney disciplinary agency is justifiable cause for withdrawal; attorney acted properly in seeking to withdraw as counsel of record for client who filed a complaint against him and would not be barred from receiving compensation for services rendered); *Fishman v Conway* (1952, La App, Orleans) 57 So.2d 605 (client's conduct in contacting the court and members of the bar regarding attorney's supposed inadequacies was degrading or humiliating the attorney and destroyed the reciprocal confidence required between attorney and client, constituting justifiable cause for withdrawal entitling attorney for compensation for services rendered); *Matarrese v Wilson* (1952) 202 Misc. 994, 118 NYS.2d 5 (attorney was justified in withdrawing from a case where his client, dissatisfied with a proposed settlement, became angry and abusive toward the attorney and belittled the attorney's capabilities; attorney was also entitled to recover compensation for services rendered up to the point of withdrawal on a quantum meruit basis); *Genrow v Flynn* (1911) 166 Mich. 564, 131 N.W. 1115 (accusations against attorneys made to others or so that others are aware of them is equivalent to a discharge of counsel and a breaking off of the confidential and delicate relation theretofore existing between them, resulting in the destruction of all faith between attorney and client and rendering it impossible for the attorneys and client to cooperate further.)

Notice Of Motion And Motion To Be Relieved As Counsel; Memorandum Of Points And Authorities; Declaration Of Jeremy Cook; Declaration of Dana M. Dorsett

A court determining whether to grant a motion to withdraw as counsel may also consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel. (*Farmer v. Hyde Your Eyes Optical, Inc.* (S.D.N.Y. 2014) 60 F.Supp.3d 441, 446.) Even when the discovery period is "nearly over" and withdrawal "may impact the timing of prospective motion practice," withdrawal should be granted so long as it "will not disrupt the proceedings to the point where denial would be warranted." (*Id.*) Under the circumstances, with over five months remaining before trial at the time of filing of this motion, and with a complete breakdown of attorney-client relations, granting withdrawal would not be so disruptive that a denial would be warranted. Additionally, Defendants do not oppose this motion. In the alternative, however, the court may issue a stay of proceedings pending resolution of the issue. (See *In re Tustaniwsky* (2d Cir. 2014) 758 F.3d 179, 182.)

III.

CONCLUSION

For the reasons stated above, the court should grant this motion relieving Counsel as Plaintiff's attorneys.

Dated:  May 5, 2017                    MOON & DORSETT, PC


                                       By:_____/s/_____
                                           Dana M. Dorsett
                                           Jeremy Cook
                                       Attorneys for Plaintiffs
                                       ARMANDO QUEZADA,
                                       CATALINA DE QUEZADA,
                                       R. V., M. Q., and A. Q. C.

Notice Of Motion And Motion To Be Relieved As Counsel; Memorandum Of Points And Authorities; Declaration Of Jeremy Cook; Declaration of Dana M. Dorsett

1

2

## DECLARATION OF JEREMY COOK

I, Jeremy Cook, declare:

1.      I am an attorney at law in good standing duly admitted to practice before this court. I am an associate attorney with Moon & Dorsett, PC ("Counsel"), counsel of record for Plaintiffs in this action.

2.      On April 19, 2017, I received a message that Plaintiff Armando Quezada ("Quezada") had called. I returned Quezada's telephone call and spoke to Quezada on the telephone.

3.      Quezada told me that he was very unhappy with Counsel's representation and was speaking to other attorneys. Quezada expressed his frustration regarding a conversation that had occurred months before, in which lead Plaintiffs' Counsel Dana M. Dorsett ("Dorsett") spoke to Quezada regarding settlement amounts of other cases. The cases discussed in this earlier conversation had settled for various amounts, ranging from low to high.

4.      In the April 19 conversation, Quezada told me that Dorsett was rude to him in the earlier conversation, and that he felt insulted, apparently believing that Dorsett valued his case at the far low end of the range of the cases discussed.

5.      Although the earlier conversation had taken place months before, Quezada had not mentioned this issue previously.

6.      Dorsett then spoke to Quezada, explaining that she believed his case was likely to be worth more than the far low end of the cases they had discussed months before. Quezada, however, remained frustrated and expressed his mistrust, and stated that he would continue to look for other attorneys, based on the conversation that had occurred months before. Dorsett requested that Quezada let her know by the following week, April 26.

Notice Of Motion And Motion To Be Relieved As Counsel; Memorandum Of Points And
Authorities; Declaration Of Jeremy Cook; Declaration of Dana M. Dorsett

7.      I called Quezada on April 26. In this conversation, Quezada stated again that he had been looking for other attorneys and he was mistrustful of Counsel.

8.      Quezada again expressed his anger and frustration to me at what he perceived as Dorsett being rude to him, stating that he did not like the way Dorsett spoke to him in their conversation the previous week as well as in the earlier conversation months before.

9.      Quezada additionally told me that he did not feel Counsel could adequately represent him.

10.     A few minutes later, Quezada called again. In this following conversation, Quezada additionally stated that communication had broken down, and at several points in the conversation, stated that he did not believe Counsel could represent him.

11.     In this conversation, Quezada made statements that tended to degrade or humiliate Counsel and destroyed attorney-client confidence and trust.

12.     On the following day, April 27, I emailed Quezada, describing the conversation and advising Plaintiffs to obtain new counsel as soon as possible. Our office has not heard from Plaintiffs since.

13.     As a result of these conversations, Counsel must withdraw as attorney of record for Plaintiffs because representation of them has become, and will continue to be, unreasonably difficult to the point that Counsel cannot continue to represent the Defendants under these circumstances.

14.     Counsel cannot be more specific as to the additional facts underlying the difficulties in continued representation without adversely affecting Plaintiffs' interests at this juncture in the litigation, but will discuss those underlying facts

with the court in chambers should the court deem it necessary in advance of ruling on the instant motion.

15.     I spoke to Defendants' counsel Elizabeth Fitzgerald regarding this motion and she told me that Defendants do not oppose this motion.

16.     There has been, however, a complete breakdown of communication and trust and of the attorney-client relationship between Counsel and Plaintiffs, due to Quezada's degrading and humiliating statements.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signed May 5, 2017, Los Angeles, CA.

_____/s/_____

Jeremy Cook, Declarant

### DECLARATION OF DANA M. DORSETT

I, Dana M. Dorsett, declare:

1.     I am an attorney at law in good standing duly admitted to practice before this court. I am a partner of Moon & Dorsett, PC ("Counsel"), and lead counsel for Plaintiffs in this action.

2.     Months before, I had spoken to Plaintiff Armando Quezada ("Quezada") regarding settlement amounts of other cases. The cases discussed in this earlier conversation had settled for various amounts, ranging from low to high.

3.     On April 19, 2017, I spoke to Quezada, and for the first time, he stated that he had felt insulted based on this conversation that took place months before. He expressed his anger and stated that he believed I was rude to him in the earlier

conversation, and that he felt insulted, apparently believing that I valued his case at the far low end of the range of the cases discussed.

4.      I explained to him that I believed his case was likely to be worth more than the far low end of the cases they had discussed months before. Quezada, however, remained frustrated and expressed his mistrust, and stated that he would continue to look for other attorneys, based on the conversation that had occurred months before. I requested that Quezada let me know by the following week, April 26.

5.      Counsel must withdraw as attorney of record for Plaintiffs because representation of them has become, and will continue to be, unreasonably difficult to the point that Counsel cannot continue to represent the Defendants under these circumstances.

6.      Counsel cannot be more specific as to the additional facts underlying the difficulties in continued representation without adversely affecting Plaintiffs' interests at this juncture in the litigation, but will discuss those underlying facts with the court in chambers should the court deem it necessary in advance of ruling on the instant motion.

7.      There has been, however, a complete breakdown of communication and trust and of the attorney-client relationship between Counsel and Plaintiffs, due to Quezada's degrading and humiliating statements.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
Signed May 5, 2017, Los Angeles, CA.

_____/s/_____
Dana M. Dorsett, Declarant

Notice Of Motion And Motion To Be Relieved As Counsel; Memorandum Of Points And Authorities; Declaration Of Jeremy Cook; Declaration of Dana M. Dorsett