# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO QUEZADA; CATALINA DE QUEZADA; A.Q.C.; R.V.; and M.Q., <br><br>Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | Case No. 2:15-cv-07382-ODW-PJW <br><br> **ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL [44]** |

## I. INTRODUCTION

Before the Court is Moon & Dorsett, PC's ("Counsel") Motion to be Relieved as Counsel for Plaintiffs Armando Quezada, Catalina de Quezada, and minors A.Q.C., R.V., and M.Q (collectively, "Plaintiffs). (ECF No. 44.) Counsel claims that Plaintiffs have made it unreasonably difficult to represent them, and therefore, that there is good cause under Central District of California Local Rule 83-2.3.2 and the California Rules of Professional Conduct to permit the withdrawal. (Mot. 2–4.) For the reasons discussed below, the Court **GRANTS** the Motion to be Relieved as Counsel.[1]

---

[1] After considering papers filed in support of and in opposition to the motion, the Court deemed the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On September 21, 2015, Plaintiffs initiated this suit against the City of Los Angeles and several employees of the Los Angeles Police Department[2] (collectively, "Defendants") for various causes of action related to the Defendants' entry into the Plaintiffs' home. (First Am. Compl. ("FAC"), ECF. No. 27.) Plaintiffs allege that Defendants' use of excessive force during the entry caused emotional and physical pain, and additionally, that Plaintiffs were unlawfully detained and denied medical care for retaliatory purposes. (*See generally* FAC.)

According to the declarations of Counsel, on April 19, 2017, Plaintiffs' attorney, Jeremy Cook, returned a phone call from Plaintiff Armando Quezada in which Quezada expressed his frustration about a conversation from months prior regarding the range of settlements for cases similar to his case. (Cook Decl. ¶¶ 2–3, ECF No. 44.) Quezada expressed his opinion that Lead Counsel Dana M. Dorsett was rude during the prior conversation by claiming that Quezada's case was valued within the lower range of settlement amounts. (*Id.* ¶ 4.) During the April 19 phone call, Dorsett explained to Quezada that she did not in fact believe that his case should be valued in the lower settlement range, but Quezada expressed his distrust of her and stated that he was planning to look for a new attorney. (Dorsett Decl. ¶¶ 3–4, ECF No. 44.) Dorsett asked Quezada to inform her by April 26, 2017, whether Counsel would continue representing him. (*Id.* ¶ 4.) On April 26, 2017, Cook called Quezada, and during the call, Quezada repeated that he mistrusted Counsel and was looking for new counsel. (Cook Decl. ¶ 7.) Quezada specifically stated that Dorsett was rude to him during both the previous week's conversation and the conversation from months prior, and he claimed that he no longer felt that Counsel could represent him adequately. (*Id.* ¶¶ 8–9.) Later that day, Quezada called Counsel, made statements

---

[2] The individual Los Angeles Police Department Defendants are Officer Luke Bennett, Detective Munoz, Officer Briscoe, Detective Wilbur, Officer Gabriel Bucknell, Officer Miranda, Detective Juan Topete, and Chief Charles Beck.

that "degrade[d] and humiliate[d]" Counsel, and stated that there was a breakdown in communication between Counsel and himself.[3] (*Id.* ¶ 11.) Cook also characterized Quezada's actions as destroying the attorney-client confidence and trust. (*Id.*) Cook emailed Quezada on April 27, 2017, describing the previous day's conversation and advising Plaintiffs to obtain new counsel. (*Id.* ¶ 12.) Counsel has not heard from Plaintiffs since April 26, 2017. (*Id.*) On May 8, 2017, Counsel filed this Motion to withdraw as counsel for Plaintiffs based on (1) Plaintiff Armando Quezada expressing his desire on behalf of all Plaintiffs for other representation, (2) Quezada's angry and humiliating comments to Counsel, and (3) the complete breakdown in communication in the attorney-client relationship. (Mot. 2.)

No party has filed an opposition to Counsel's motion.

### III. LEGAL STANDARD

Local Rule 83-2.3.2 provides that an attorney may not withdraw as counsel without leave of court, and courts will consider whether good cause exists to permit withdrawal. *China Cent. TV v. Create New Tech. Hk Ltd.*, No. CV 15-01869 MMM (AJWx), 2015 U.S. Dist. LEXIS 187611, at *3 (C.D. Cal. June 25, 2015). In determining whether good cause exists to allow counsel to withdraw, federal courts consider state laws, and in California, courts generally consider the Code of Professional Conduct of California. *Stewart v. Boeing Co.*, No. CV 12-05621, 2013 U.S. Dist. LEXIS 87064, at *3–4 (C.D. Cal. June 19, 2013); *Denney v. City of Berkeley*, No. C 02-5935 JL, 2004 U.S. Dist. LEXIS 24265, at *5 (N.D. Cal. Nov. 18, 2004). California Rule of Professional Conduct 3-700(C) allows for permissive withdrawal when the client "renders it unreasonably difficult" for counsel to continue the representation (Rule 3-700(C)(a)(d)), the client "knowingly and freely consents to the termination" of counsel (Rule 3-700(C)(5)), or the court finds other good cause for withdrawal (Rule 3-700(C)(6)).

---

[3] Counsel cannot divulge any additional facts regarding the statements or breakdown in communication without affecting Plaintiffs' interests in this litigation. (Cook Decl. 14.)

District courts have discretion to permit or deny an attorney's withdrawal. *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200 PSG (VBKx), 2009 U.S. Dist. LEXIS 69618, at *2 (C.D. Cal. July 28, 2009); *see* Cal. R. Prof'l Conduct 3-700(A)(2). Courts consider four factors when granting these permissive withdrawal requests: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Huntington Learning Ctrs.*, 2009 U.S. Dist. LEXIS 69618, at *2. To be permitted to withdraw as counsel, an attorney must take reasonable steps to avoid any foreseeable prejudice to the client, give due notice to the client, allow time for the client to seek other counsel, and comply with all other laws and rules. *Hendricks v. BBC Am., Inc.*, CV 14-2989-RSWL-SSx, 2016 U.S. Dist. LEXIS 185291, at *4 (C.D. Cal. Jan. 21, 2016); Cal. R. Prof'l Conduct 3-700(A)(2).

## IV. DISCUSSION

Here, all of the *Huntington Learning Centers.* factors weigh in favor of permitting Counsel's withdrawal. 2009 U.S. Dist. LEXIS 69618, at *2. First, Counsel is seeking withdrawal because Quezada expressed his desire for new counsel. (Mot. 4.) Additionally, the attorney-client relationship has broken down for many reasons, including Armando Quezada's degrading and humiliating statements directed at counsel. (*Id.*) Withdrawal may be permitted when the client freely assents to it. Cal. R. Prof'l Conduct 3-700(C)(5). Here, Quezada has not expressly consented to the termination of Counsel, even though he stated multiple times that he was seeking other representation and was unhappy with Counsel. (Mot. 3.) However, permissive withdrawal is also appropriate if the client renders it unreasonably difficult for counsel to effectively continue representation. Cal. R. Prof'l Conduct 3-700(C)(1)(d). Here, Counsel and Quezada suffered a breakdown in communication and trust that makes it unreasonably difficult to continue representation of Plaintiffs. *See Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 U.S. Dist. LEXIS 124369, at *5 (N.D. Cal. Jan.

8, 2008) (holding that when the trust and cooperation necessary for an attorney-client relationship has broken down, it may be unreasonably difficult for counsel to continue representing plaintiffs). Although Counsel cannot elaborate on the details, Quezada degraded and humiliated Counsel (Mot. 3) and repeatedly stated that he no longer trusted Counsel after Dorsett was supposedly rude to him. (Cook Decl. ¶ 6.) According to Counsel, these statements destroyed the "attorney-client confidence and trust." (Mot. 3.); *see Rini v. Nationwide Ins. Co. of Am.*, No. SACV 11-714-JST (RNBx), 2011 U.S. Dist. LEXIS 160890, at *3–4 (C.D. Cal. Nov. 30, 2011) (noting that the plaintiff's distrust of counsel and counsel's inability to effectively communicate with plaintiff about the case led to a breakdown of the attorney-client relationship). Moreover, Plaintiffs have not responded to Counsel in over a month nor have Plaintiffs filed a response to this Motion. (Cook Decl. ¶ 12.) Counsel cannot advance Plaintiffs' case when Plaintiffs will not communicate with Counsel. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444 (S.D.N.Y. 2014) (discussing the uncooperative, nonresponsive relationship between attorney and client that lead to a breakdown in the relationship); *see also Gong*, 2008 U.S. Dist. LEXIS 124369, at *4–5.

The second *Huntington Learning Centers* factor considers the prejudice the withdrawal will cause other litigants. 2009 U.S. Dist. LEXIS 69618, at *2. The other plaintiffs in this case are Catalina Quezada, the wife of Armando Quezada, and three of Catalina and Armando's minor children. Quezada appears to be the lead plaintiff in this suit because Counsel communicated with him directly about settlement values and Quezada is apparently the only plaintiff that has initiated contact with the attorneys. (*See* Compl; Mot. 2.) Further, the other plaintiffs are likely not equipped to communicate with counsel independently because three are minor children and Catalina may not be able to communicate effectively. (*See* FAC ¶¶ 57-58 (mentioning Catalina Quezada speaking and protesting in Spanish to officers during the incident).) For the foregoing reasons, the breakdown of the attorney-client relationship between

Quezada and Counsel negatively affects the representation of all plaintiffs equally, and allowing Counsel to withdraw would not unduly prejudice Catalina and the three minor children. Additionally, Counsel gave due notice to Plaintiffs of its intent to withdraw when Counsel contacted Quezada on April 27, 2017, and advised Plaintiffs to seek new counsel. (Mot. 3.) Subsequently, Counsel sent Plaintiffs notice of this Motion on May 5, 2017, (ECF No. 46), and to date, none of the Plaintiffs have filed an opposition.

Furthermore, justice can still be administered even if the attorneys withdraw because Plaintiffs can continue this case pro se or with another attorney. Finally, with over four months before trial, Counsel's withdrawal will not delay the resolution of this case. (ECF No. 42 ); *see Hendricks*, 2016 U.S. Dist. LEXIS 185291, at *5–6 (noting that with over four months until the trial, the plaintiff still had adequate time to seek and retain new counsel). Both parties are still conducting discovery, and recently, the Court extended the discovery timeline before the trial in October. (ECF No. 42.) There is adequate time for Plaintiffs to prepare for trial without current counsel.

In sum, Counsel's representation of Plaintiffs has become unreasonably difficult due to the breakdown of the attorney-client relationship, the other litigants will not be prejudiced, justice can still be administered, the case will not be delayed, and Counsel has complied with the California Rules of Professional Conduct. Therefore, there is good cause for permitting withdrawal.

/ /
/ /
/ /
/ /
/ /
/ /

## V. CONCLUSION

For the reasons discussed above, Counsel's Motion to Withdraw is **GRANTED**. Although Counsel is relieved from representing Plaintiffs, Counsel must still comply with any obligations under California Rule of Professional Conduct 3-700(D). Further, Plaintiffs have until August 1, 2017, to retain new counsel or decide to appear *pro se* in this action.

**IT IS SO ORDERED.**

June 13, 2017

_____

**HON. OTIS D. WRIGHT II**
**UNITED STATES DISTRICT JUDGE**