O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO QUEZADA; CATALINA QUEZADA; R.V.; M.Q.; AND A.Q.C.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case № 2:15-07382-ODW (PJWx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO AMEND [75] AND MOTION FOR SUMMARY ADJUDICATION [72]** |

## I. INTRODUCTION

Plaintiffs Armando Quezada, Catalina Quezada, and their children R.V., M.Q., and A.Q.C. seek summary adjudication on the issue of unlawful entry. (Mot. Summ. Adjudication ("MSA") 2, ECF No. 72.) Simultaneously, Plaintiffs seek leave to amend their operative First Amended Complaint ("FAC") to raise the issue of unlawful entry. (Mot. to Amend ("Mot.") 2, ECF No. 75.) For the reasons below, the Court **DENIES** Plaintiffs' Motion to Amend [75] and **DENIES** Plaintiffs' Motion for Summary Adjudication [72] as moot.[1]

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motions, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. BACKGROUND

On October 27, 2014, Defendant[2] Los Angeles police officers, conducted a compliance check on parolee Juan Quezada at his reported address, per the terms of his post-release community supervision. (*See* Opp'n Mot. 3, ECF No. 77.) When Defendant Officers knocked at the reported address, Armando Quezada answered. (FAC ¶¶ 38, 41–42, ECF No. 27; Opp'n Mot. 3.) Plaintiffs allege Defendant Officers used excessive force in restraining Armando and Catalina[3] while other Defendant Officers entered and conducted a parolee search of the premises for Juan ("Incident"). (*See e.g.*, FAC ¶¶ 42–60; Opp'n Mot. 3.) Juan was not found on the premises, and Plaintiffs assert he did not live there. (FAC ¶ 1, 71; Opp'n Mot. 3.)

Plaintiffs filed their original complaint in this action on September 21, 2015. (*See* Compl., ECF No. 1.) They raised twenty causes of action under 42 U.S.C. § 1983 and state laws.[4] (*See id.*) Four months later, on January 28, 2016, Plaintiffs amended their complaint to assert eleven causes of action under section 1983[5] and remove the state law claims. (*See* FAC.) On April 26, 2016, the Court issued a scheduling order with the parties' input, setting the last day to hear motions to amend pleadings or add parties as July 25, 2016. (Scheduling Order 20, ECF No. 32.) Therefore, the last day to move to amend the pleadings was June 27, 2016.

---

[2] Defendants are Officers Bennett, Briscoe, Munoz, Bucknell, Topete, Miranda, and Wilbur ("Defendant Officers"); the City of Los Angeles; Los Angeles Police Chief Charles Beck; and Does 1–10.

[3] Because Juan Quezada, not a party to this action, and Plaintiffs share the same last name, the Court uses first names for clarity.

[4] Plaintiffs' original Complaint included the following causes of action—under 42 U.S.C.: § 1983 (1) excessive force; (2) denial of medical care; (3) retaliation; (4) unlawful detention; (5) false arrest and imprisonment; (6) unreasonable seizure; (7) failure to properly screen and hire; (8) failure to properly train; (9) failure to supervise and discipline; and (10) Monell liability; and under state laws: (11) violation of the Bane Act; (12) invasion of privacy; (13) trespass; (14) false arrest; (15) false imprisonment; (16) malicious prosecution; (17) assault; (18) battery; (19) negligence; and (20) intentional infliction of emotional distress. (*See* Compl.)

[5] In their FAC, Plaintiffs reasserted the same first nine causes of action and added (10) abuse of process and (11) malicious prosecution under section 1983. (*See* FAC.)

Since then, the parties have continued the action, in whole or in part, four times. (*See* Order granting stipulation to extend all dates, ECF No. 39; Order granting stipulation to extend expert discovery dates, ECF No. 43; Order granting ex parte application to continue all dates ("Order[57]"), ECF No. 57; Order granting stipulation to extend discovery deadlines, ECF No. 68.) Between the second and third continuances, in June of 2017, Plaintiffs obtained new counsel. (*See* Mot. 4.) On July 5, 2017, the Court granted the Plaintiffs' request to continue the trial for an additional year "based partly on the fact that Plaintiffs have recently retained new counsel." (Order[57] 1.) Trial is now scheduled for October 16, 2018. (*Id.*) The last date to hear dispositive motions was August 27, 2018, meaning a party must have filed any motion no later than July 30, 2018. In none of the stipulated continuances did parties request to modify the deadline to amend pleadings.

On July 30, 2018, at approximately 8:30 p.m., Plaintiffs moved for summary adjudication on the previously-unraised issue of unlawful entry. (*See* MSA.) Later that evening, Plaintiffs moved for leave to amend their FAC pursuant to Federal Rule of Civil Procedure 15(b), to add a twelfth cause of action for unlawful entry. (*See* Mot.) "[I]n counsel's haste," Plaintiffs attached to their Motion to Amend an incorrect version of their proposed Second Amended Complaint ("SAC"). (Reply Mot. 2, ECF No. 84.) This incorrect version included the same facts as alleged in the operative FAC and added the new cause of action. (*See* Declaration of Katie deGuzman in support of Mot. ("deGuzman Mot. Decl.") ¶ 6, Ex. A, ECF No. 75.) Plaintiffs submitted a corrected proposed SAC with their Reply. (Declaration of Katie deGuzman in Reply ("deGuzman Reply Decl.) ¶ 2, Ex. A, ECF No. 84.) The correction altered the factual allegation of one part of one sentence at paragraph 45. (*See* Reply Mot. 2.)

### III. LEGAL STANDARD

Courts should construe an issue raised for the first time on summary judgment as a motion for leave to amend to conform to proof pursuant to Federal Rules of Civil

Procedure 15(b). *See Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). However, "after the pretrial scheduling order's deadline for amending the pleadings has expired," a party seeking to amend "must satisfy the 'good cause' standard of Federal Rule of Civil Procedure 16(b)(4)" ("Rule 16") before amendment will be permitted. *Neidermeyer v. Caldwell*, 718 F. App'x 485, 488 (9th Cir. 2017) (quoting *In re W. States Wholesale Nat. Gas Antitrust Litig.* ("*In re W. States*"), 715 F.3d 716, 737 (9th Cir. 2013)), *petition for cert. filed*, (U.S. Feb. 27, 2018) (No. 17-1490); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Pursuant to Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610–11 (internal quotation marks omitted). "To permit a party to disregard a Rule 16 order by an appeal to the standards of Rule 15 would 'undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier.'" *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (quoting *Johnson,* 975 F.2d at 610–11). The focus of the good cause inquiry is the diligence, or lack thereof, of the party seeking modification and their reasons for seeking amendment. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. Further, good cause typically will not be found "where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States*, 715 F.3d at 737; *see Neidermeyer*, 718 F. App'x at 489.

Only where Rule 16's good cause standard is met must a court consider whether amendment is proper under Federal Rule of Civil Procedure 15 ("Rule 15"). *See Johnson*, 975 F.2d at 608. Although Rule 15 provides that leave to amend shall be given freely when justice so requires, it is not automatic. Fed. R. Civ. P. 15(a)(c); *In*

*re W. States*, 715 F.3d at 738. In evaluating the propriety of leave to amend, the Ninth Circuit considers five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff previously amended his complaint. *In re W. States*, 715 F.3d at 738. In the Central District of California, Local Rule 15-1 requires a party seeking to amend to attach a complete copy of the proposed amended pleading with the motion.

### IV. DISCUSSION

Plaintiffs seek to modify the scheduling order and leave to amend their FAC to add a new cause of action for unlawful entry. However, they have failed to demonstrate good cause and justice does not require granting the relief they seek.

**A. Rule 16**

Plaintiffs argue they meet Rule 16's good cause standard because they have been diligent in seeking to amend to raise the issue of unlawful entry. Not so. The focus of the good cause inquiry is the diligence of the party seeking modification. *Johnson*, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." *Id.*

The only facts amended in the corrected version of the SAC appear in paragraph 45. At paragraph 45 of the operative FAC, Plaintiff allege "Mr. Quezada said, 'Yes,' and the officer asked Mr. Quezada to step outside." (FAC ¶ 45.) At paragraph 45 of the corrected proposed amended SAC, Plaintiffs allege "Mr. Quezada said that Nephew was not in the apartment, but the officer asked Mr. Quezada to step outside." (deGuzman Reply Decl., Ex. A ¶ 45.) Whether Armando said "Yes" or that his nephew (Juan) was not in the apartment is a fact that Plaintiffs have known since the date of the Incident. Plaintiffs did not need discovery from Defendants to determine what Armando himself said. Yet Plaintiffs did not raise the issue of unlawful entry in their Complaint or their FAC. Nor did Plaintiffs' counsel, upon appearing in the action, seek to extend the deadline to amend, despite continuing all other deadlines in the case. Presumably, counsel conducted due diligence, including

communicating with their clients and ascertaining the circumstances of the Incident,[6] when they appeared in the action more than a year ago, which means they would have learned what Plaintiffs knew at least by July 2017. Yet Plaintiffs waited a year, until the final hours on the last possible day, to file motions raising the issue. This does not reflect diligence.

Plaintiffs' lack of diligence is further demonstrated by the carelessness with which they moved to amend. Local Rule 15-1 requires a that moving parties submit a copy of the proposed amended pleading. This allows the Court to evaluate the propriety of amendment and gives the opposing party a fair opportunity to respond. Plaintiffs failed to attach the correct proposed SAC, depriving Defendants of a fair opposition and prejudicing them in the process. What is more, Plaintiffs failed to acknowledge their error until filing their Reply. Such carelessness is incompatible with diligence. Consequently, Plaintiffs lack of diligence does not constitute good cause and the Court declines to modify the scheduling order.

**B.  Rule 15**

Neither are Plaintiffs entitled to relief under Rule 15. Rule 15 provides "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Even were the Court inclined to find good cause to modify the scheduling order, which it is not, justice does not require leave to amend. Plaintiffs' undue delay, prejudice to Defendants, and Plaintiffs' previous amendment weigh against granting leave. *See In re W. States*, 715 F.3d at 738 (enumerating factors for consideration). Additionally, Plaintiffs' conduct raises concerns regarding their delay in bringing this motion and in correcting errors made while doing so.

The analysis of diligence applies equally to that of undue delay. Plaintiffs claim to have learned new facts giving rise to the issue of unlawful entry through conducting discovery, deposing Defendant Officers, and consulting with experts. However,

---

[6] "A lawyer shall act with reasonable diligence and promptness in representing a client." Model Rules of Prof'l Conduct r. 1.3 (Am. Bar Ass'n 2015).

Plaintiffs have known the facts of the Incident from Armando's perspective since the day of the Incident, including specifically the single fact modified in proposed SAC paragraph 45. Further, Plaintiffs' lack of diligence in retaining experts or undertaking discovery does not constitute reason sufficient to justify their extensive delay beyond the deadline to amend.

Defendants argue that *Neidermeyer v. Caldwell* is instructive. The Court agrees. There, the Ninth Circuit affirmed denial of leave to amend to add a claim for unlawful frisk, where the plaintiff had been "aware of the facts and theories supporting amendment since the inception of the action." *Neidermeyer*, 718 F. App'x at 489 (quoting *In re W. States*, 718 F.3d at 739). The Ninth Circuit found relief improper under both Rules 15 *and* 16. *Id.* at 488–89. Plaintiffs' preferred analog, *Desertrain v. City of Los Angeles*, is easily distinguished. In *Desertrain*, the Ninth Circuit found leave to amend appropriate where the plaintiffs sought to add a claim that the ordinance they challenged was vague. 754 F.3d at 1155. There, in the final days of discovery, the defendants disclosed information uniquely in their possession, specifically internal police department memoranda regarding how the department trained its officers to enforce the ordinance at issue. *Id.* at 1154. The plaintiffs in *Desertrain* sought to amend based on those newly-learned facts. *Id.* In contrast, here, Plaintiffs seek to amend based on facts Plaintiffs have known since the inception of this action.

Additionally, allowing amendment at this late stage would prejudice Defendants. Plaintiffs filed this matter nearly three years ago. Early discussions between the parties resulted in Plaintiffs amending their Complaint and filing the operative FAC in January 2016. (Stipulation to Amend 2, ECF No. 25 ("the parties, having met and conferred, believe they can resolve many disputes regarding the content of the pleadings through voluntary amendment.") Defendants have litigated this action based on Plaintiffs' FAC, pursuing motion practice and discovery regarding their potential defenses. Defendants had no reason to conduct discovery targeting a

defense to unlawful entry, nor did they have an opportunity to move to dismiss that issue as they claim they would have. Plaintiffs further deprived Defendants of a fair opportunity to respond to the issue or otherwise seek relief by failing to attach the correct proposed SAC to Plaintiffs' moving papers. To mitigate the prejudice allowing amendment would cause to Defendants, the Court would have to reopen discovery, reset deadlines for motion practice, and delay trial to permit Defendants an adequate opportunity to respond. As Plaintiffs acknowledge, "[p]rejudice can be found if, granting a request to amend the complaint would likely require reopening discovery so that the non-moving party can develop its evidence to prepare its defenses and therefore delay the proceedings." (Mot. 6 (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).)

The factor of bad faith also weighs against leave to amend. With a straight face, Plaintiffs claim to have learned *new* facts supporting this newly-discovered issue of unlawful entry only in the last month. (Mot. 3, 4, 6; deGuzman Mot. Decl. ¶ 3 ("During the course of discovery and at the depositions of Defendants that took place on July 25, 2018, I learned of facts and evidence that would support a claim for unlawful entry . . . .").) Yet the *only fact amended* in the corrected proposed SAC is what Armando himself said at the time of the Incident. And Attorney deGuzman chose not to respond to Defendants' point that she learned of these facts only last month because she only recently joined Plaintiffs' counsel's firm. (*See* Opp'n Mot. 4.) Plaintiffs' counsel filed an incorrect proposed amended SAC and delayed addressing their error until filing their own Reply. Further, Plaintiffs boldly claim to have filed the motion to amend "on time." (Reply MSA 4, 5 ("Plaintiffs filed [the MSA] and the accompanying motion to amend the pleadings on time"; "Plaintiffs timely filed this Motion for Summary Adjudication and the concurrently filed Motion to Amend the Pleadings").) However, the deadline to amend expired two years ago. Conjunctive sentences are not time machines.

Each of these instances of conduct, in isolation, could be taken as mere inadvertence, but the accumulated weight of conduct involved raises serious concerns. Plaintiffs' counsel's conduct appears either extremely reckless or an intentional attempt to mislead the Court[7]—neither of which are taken lightly by the Court or warrants leave to amend.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion to Amend [75] and **DENIES** Plaintiffs' Motion for Summary Adjudication [72] as moot.

**IT IS SO ORDERED.**

September 13, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[7] The Court takes this opportunity to remind Plaintiffs' counsel of their duty of candor to the Court. Future conduct suggesting an attempt to mislead the Court may warrant sanctions. *See* Fed. R. Civ. P. 11.